

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

August 3, 1989

Honorable Ralph R. Wallace, III
Chairman
Cultural and Historical Resources
   Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas   78769

Opinion No.  JM-1080

Re:  Whether federal em-
ployees are subject to
the local hotel/motel
occupancy tax  (RQ-1740)

Dear Representative Wallace:

You ask whether federal employees travelling on official business are exempt from the local hotel occupancy tax. Chapters 351 and 352 of the Tax Code authorize cities and certain counties to impose a local hotel occupancy tax

> on a person who, under a lease, concession,
> permit, right of access, license, contract,
> or agreement, pays for the use or possession
> or for the right to the use or possession of
> a room that is in a hotel, costs $2 or more
> each day, and is ordinarily used for sleep-
> ing.

Tax Code §§ 351.002(a), 352.002(a).

Attorney General Opinion WW-738 (1959) concluded in response to a similar question that officers and employees of the federal reserve bank while travelling on official business are subject to the state hotel occupancy tax now provided for in chapter 156 of the Tax Code. The opinion reasoned that under either of the two methods by which federal employees are reimbursed for their travel expenses -- per diem or actual expenses -- an employee contracting for a hotel room would do so in his private capacity and it would be upon the employee and not his employer, the federal reserve bank, that the hotel tax would be imposed. In contrast, the opinion noted, if the federal reserve bank had contracted directly with the hotel, imposition of the tax would violate the prohibition -- based on the Supremacy Clause of the United States Constitution, article VI, section 2 -- on a state's taxation of the federal government

or its instrumentalities. See, e.g., Kern-Limerick, Inc. v. Shurlock, 347 U.S. 110 (1954); Alabama v. King and Boozer, 314 U.S. 1 (1941); McCulloch v. Maryland, 17 U.S. 316 (1819).

A 1976 decision of the United States comptroller general accords with the reasoning and result of Attorney General Opinion WW-738. 55 Comp. Gen. 1278, 1279 (1976). That ruling concluded that employees of the United States Department of the Interior, Bureau of Indian Affairs, were not exempt from a local hotel tax in Anchorage, Alaska.

> Ordinarily, a Federal employee on official duty rents a hotel or motel room directly from the proprietor. The Government is in no sense a party to this arrangement with the establishment. In the absence of a specific State or local statute exempting room rentals to Federal employees from this tax, that employee is liable to pay it. That the government, via statute and regulations, may be obligated to reimburse that person for expenses incurred while away on official business does not affect that individual's liability for this tax. In this regard it is clear that the legal incidence of the tax is on the employee, and not on the Government, and that when the Government pays a per diem or actual expenses allowance, it is not paying the tax but reimbursing the employee for the employee's total expenses. That is, by statute and regulation the Government has agreed, in effect, to accept the economic burden of a tax imposed not on it but on its employees. We therefore conclude that under such circumstances, Government employees may not assert the Government's exemption from the payment of State and local taxes levied upon motel and hotel rooms.

Accordingly, we conclude that a federal employee travelling on official business whose travel expenses are reimbursable by his employer, either on a per diem or actual expenses basis, is not exempt from a local hotel occupancy tax imposed under chapters 351 or 352 of the Tax Code when he rents hotel accommodations.

## S U M M A R Y

A federal employee travelling on official business whose travel expenses are reimbursable by his employer, either on a per diem or actual expenses basis, is not exempt from a local hotel occupancy tax imposed under chapters 351 or 352 of the Tax Code when he rents hotel accommodations.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General